PD-1262-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/19/2015 2:43:59 PM
Accepted 10/19/2015 4:39:53 PM
ABEL ACOSTA
CLERK

CASE NO. PD-1262-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

ALPHONSON DAMON MALONE,
*Appellant*

VS.

THE STATE OF TEXAS,
*Appellee*

On Petition for Discretionary Review from
The First Court of Appeals
In No. 01-14-00054-CR Affirming the
Judgment of Conviction in Cause No.1899612 from the
County Criminal Court at Law No.8
Harris County, Texas

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

October 19, 2015

ABEL ACOSTA, CLERK

GARY TABAKMAN
TBA No. 24076065
712 MAIN ST., Ste. 2400
HOUSTON, TEXAS 77002
TELEPHONE: (713) 228-8500
FACSIMILE: (713) 228-0034
EMAIL: Gary@BSDLawfirm.com

COUNSEL FOR APPELLANT,
ALPHONSON DAMON MALONE

# NOTICE OF INTERESTED PARTIES

Pursuant to Tex. R. App. R. 68.4(a), the following is a list of all parties to the trial court's judgment as well as the names and addresses of trial and appellate counsel.

Presiding Judge
The Honorable Jay Karahan
Harris County Criminal Court at Law No.8
1201 Franklin, 9th Floor
Houston, Harris County, Texas 77002

Attorneys for Appellee    (State of Texas)
Ryan Trask              (at trial)
Kathryn Davis           (on appeal)
Devon Anderson          (on appeal)
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

Attorneys for Appellant
Gary Tabakman           (at trial and on appeal)
712 Main, Ste. 2400
Houston, Texas 77002

Appellant
Alphonson Damon Malone

# TABLE OF CONTENTS

NOTICE OF INTERESTED PARTIES ..................................................................... ii

TABLE OF CONTENTS ..................................................................................... iii

INDEX OF AUTHORITIES ................................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT ............................................... vi

STATEMENT OF THE CASE .............................................................................. vi

STATEMENT OF PROCEDURAL HISTORY ....................................................... vii

APPELLANT'S FIRST GROUND FOR REVIEW .................................................. 2

> **The Court of Appeals erred in finding probable cause for the warrantless arrest of Appellant, a passenger in a vehicle, by a totality of the circumstances in conflict with *Amores v. State,* 816 S.W.2d 407, 411 (Tex.Crim.App.1991).**

APPELLANT'S SECOND GROUND FOR REVIEW .......................................... 7

> **The Court of Appeals erred in holding that Appellant's incriminating statement after he was in custody was voluntarily made rather than the result of a custodial interrogation triggering Appellant's *Miranda* rights.**

PRAYER FOR RELIEF ...................................................................................... 11

CERTIFICATE OF COMPLIANCE .................................................................... 12

CERTIFICATE OF SERVICE ............................................................................ 12

APPENDIX ................................................................................................... A-1

# INDEX OF AUTHORITIES

**CASES**                                                                      **PAGE**

*Amores v. State,*
816 S.W.2d 407 (Tex.Crim.App.1991) ....................................................... iii,3,4,7

*Estrada v. State,*
154 S.W.3d 604 (Tex.Crim.App. 2005). ...............................................................5

*Leday v. State*,
3 S.W.3d 667, 672 (Tex. App.—Beaumont 1999, pet. ref'd). ...........................3,5,6

*Miranda v. Arizona*,
384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)...........................iii,7-10

*Nuttal v. State*,
87 S.W.3d 219 (Tex. App.—Amarillo 2002, no pet.) .............................................4,5

*Pyles v. State*,
755 S.W2d 98 (Tex. Crim. App. 1988) .................................................................4,5

*Ramirez v. State,*
105 S.W.3d 730 (Tex. App.-Austin 2003, no pet.)............................................... 8-10

*Rhode Island v. Innis,*
466 U.S. 291, 100 S. Ct. 1682 (1980)...................................................................8

*State v. Crisp*,
74 S.W.3d 474, 483 (Tex. App. Waco 2002) .......................................................5,6

*State v. Moore*,
25 S.W.3d 383, 386 (Tex.App.-Austin 2000, no pet.)............................................5,6

*State v. Ortiz*,
382 S.W.3d 367 (Tex. Crim. App. 2012) ..............................................................10

*Terry v. Ohio*,
392 U.S. 1, 88 S.Ct.1868, 20 L.Ed.2d 889 (1968)..........................................................3

*Ybarra v. Illinois*,
444 U.S. 85, 100 S.Ct. 338 (1979).........................................................................3

**STATUTES**

TEX. CODE. CRIM. PROC. ART. § 14.01(b) ........................................................4,6

**RULES**

TEX. R. APP. P. 66.1.................................................................................................1

TEX. R. APP. P. 66.3(a) .......................................................................................2,7

TEX. R. APP. P. 66.3(c) ....................................................................................2,7,11

STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument as it will assist the Court in fashioning the proper relief. Oral argument would be of significant assistance to this Court as this case presents important issues regarding whether an officer had probable cause to arrest Appellant based on unusual factors applying a totality of the circumstances factors and whether Appellant's incriminating statement to the officer was a result of a custodial interrogation.

STATEMENT OF THE CASE

This case concerns a conviction for possession of marijuana. On December 6, 2013, the trial court conducted an evidentiary hearing on Appellant's written motion to suppress evidence. On that same date, the trial court denied the motion to suppress evidence. (CR 24).[1] Appellant entered a plea of guilty and was sentenced to two (2) days in the Harris County Jail, with one (1) day Credit. (CR 25). On January 6, 2013, Appellant filed his written notice of appeal, appealing the denial of the written pretrial motion to suppress evidence. (CR 31). No motion for new trial was filed.

---

[1] (CR) refers to the Clerks Record and (RR) will refer to the Reporters Record.

## STATEMENT OF PROCEDURAL HISTORY

1.  December 6, 2013     Evidentiary Hearing (Motion to Suppress)

2.  October 2, 2014     Appellant's Brief Filed (First Court of Appeals)

3.  November 21, 2014     State Brief Filed.

4.  December 30, 2014     Appellant's Reply Brief Filed

5.  February 10, 2015     Judgment Affirming Trial Court's Judgement with Memorandum Opinion.

6.  March 27, 2015     Appellant Filed Motion for Rehearing.

7.  April 23, 2015     The First Court of Appeals Opinion Issued withdrawing February 10th Opinion.

8.  On May 28, 2015     Appellant's Second Motion for Rehearing Filed.

9.  June 11, 2015     The First Court of Appeals issued a sua sponte order for the court to receive and review the video (CD) as State's Exhibit No. 1.

10. August 18, 2015     The First Court of Appeals denied Appellant's motion for rehearing.

11. October 19, 2015     Petition for Discretionary Review due,

CASE NO. PD-1262-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

ALPHONSON DAMON MALONE,
*Appellant*

VS.

THE STATE OF TEXAS,
*Appellee*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, ALPHONSON DAMON MALONE, Appellant in the above-styled and numbered cause of action, by and through counsel of record, Gary Tabakman, and pursuant to Tex. R. App. P. 66.1, respectfully urges this Court to grant discretionary review of this cause, and in support thereof would show unto this Honorable Court the following:

1

**The Court of Appeals erred in finding probable cause for the warrantless arrest of Appellant, a passenger in a vehicle, by a totality of the circumstances in conflict with *Amores v. State,* 816 S.W.2d 407, 411 (Tex.Crim.App.1991).**

ARGUMENT

The Court of Appeals erroneously held that, based on a totality of the circumstances, sufficient probable cause for a warrantless arrest of Appellant existed when it did not, such that review is warranted pursuant to Tex. R. App. P. 66.3(a) and Tex. R. App. P. 66.3(c). Specifically, the Court of Appeals found the following as probable cause for arrest:

> "The sum of the information known to Officer Sutton and Officer Ball at the time Sutton handcuffed Malone, however, includes that (1) Officer Ball had smelled marijuana on Malone and the driver an hour before the traffic stop when both men were eating at Red Lobster; (2) the license plate number of the men seen at the restaurant matched that of the car Officer Sutton stopped; (3) the driver of the car had marijuana shake on his shoulder; and (4) the car smelled of cologne when Officer Sutton made the traffic stop." (Malone Opinion at 11).

In this case, Appellant was the passenger in the vehicle and, after being removed from the vehicle, was handcuffed within twenty-five (25) seconds of the stop. (2RR-32). Officer Sutton stated that the vehicle pulled over right away without any attempt to be evasive. (2RR-26). The vehicle was pulled over early in the night and not in an area that's classified as a "high crime." (2RR-26). Officer Sutton made

2

no attempt to run Appellant's criminal history or run his driver's license to find out the type of individual he was dealing with. (2RR-32). Most importantly, no evidence of criminal activity with respect to Appellant was cited anywhere in the record. Based on these facts, the detention of Appellant was sufficient to justify, not an arrest, but rather the lesser intrusion of an investigative detention under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct.1868, 20 L.Ed.2d 889 (1968).

An arrest, must be based upon "probable cause." *Amores v. State*, 816 S.W.2d 407, 411 (Tex.Crim.App.1991). In Texas, the "totality of the circumstances" test applies for determining probable cause for a warrantless search and seizure. *Id* at 413. A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Tex. Code Crim. Proc. Art. 14.01(b). *Id* at 414. Neither a police broadcast nor an anonymous phone call is sufficient, standing alone, to establish probable cause for an arrest. *Id* at 416. A person's mere proximity or propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause. *Leday v. State*, 3 S.W.3d 667, 672 (Tex. App.—Beaumont 1999, pet. ref'd); *see also Ybarra v. Illinois,* 444 U.S. 85, 91 (1979).

The Court of Appeals decision, in finding that probable cause for a warrantless arrest, was erroneous as the factors used for a "totality of the circumstances" were

3

too broadly applied, in conflict with *Amores v. State* and cases from intermediate appellate courts that follow a closer fact pattern to the case at hand. In *Amores*, a police officer responded to a "burglary in progress" call from an apartment complex indicating a black male was loading a box into a car. *Amores,* 816 S.W.2d at 410. This Court held that there was no available fact or circumstance to support probable cause and the warrantless arrest was not authorized under Chapter Fourteen of the Code of Criminal Procedure. *Id.* at 416-417.

The Court of Appeals opinion, combines numerous distinguishable cases, unlike *Amores* and this case, for the purpose of making a probable cause evaluation based on a totality of the circumstances. (Malone Opinion 9-11). As an example, the court cited *Pyles v. State;* 755 S.W2d 98 (Tex. Crim. App. 1988), *Nuttal v. State,* 87 S.W.3d 219 (Tex. App.—Amarillo 2002, no pet.) and *Estrada v. State,* 154 S.W.3d 604 (Tex.Crim.App. 2005).

In *Pyles v. State*, the Court of Criminal Appeals found that probable cause existed for arrest based on information from another officer after a deputy had been shot and killed. 755 S.W2d 98, 109 (Tex. Crim. App. 1988). In *Nuttal v. State,* appellant was "extremely nervous," and evasively answered the officer's questions, two of seven factors that weighed into the court's decision. 87 S.W.3d 219, 222. In *Estrada v. State*, after responding to a disturbance call, the arresting officer smelled

4

the odor of marijuana and that was a found to be a factor weighing in favor of officer's belief that a crime was being committed for probable cause to *search*. 154 S.W.3d 604, 606, 609.

This particular case however stands out from the cases cited by the Court of Appeals and is analogous and factually aligned with *State v. Crisp*, 74 S.W.3d 474, 483 (Tex. App. Waco 2002), *Leday v. State*, 3 S.W.3d 667, 672 (Tex. App.—Beaumont 1999), and *State v. Moore*, 25 S.W.3d 383, 386 (Tex.App.-Austin 2000, no pet.). In *Crisp,* the appellate court affirmed the trial courts motion to suppress evidence where officers stopped a vehicle, did not briefly question the defendant's respecting their identities and handcuffed them immediately; finding that their arrests were illegal as there was no probable cause for arrest. *Crisp* 74 S.W.3d 474 at 483. In *Leday*, actual circumstances relating to suspicious behavior existed that do not exist in this case; the court still found that appellant's behavior did not rise above the level of mere suspicion, and under a totality of the circumstances the deputy did not have probable cause to justify a warrantless arrest of appellant. 3 S.W.3d 667, 672. In *Moore,* the Austin Court of Appeals affirmed the lower court's ruling that the handcuffing of Moore transformed the detention into an arrest for which there was not probable cause. 25 S.W.3d 383 at 387.

Here, Appellant is handcuffed with less reasonable suspicion than articulated in *Crisp, Leday* and *Moore.* Appellant was simply a passenger in the car, and Officer Sutton had no time to observe any suspicious behavior prior to handcuffing the Appellant. Furthermore, Officer Sutton never testified about smelling marijuana emitting from the vehicle and neither from the driver or Appellant. That information came from Officer Ball an hour prior to the traffic stop. In addition to that, there is nothing in the record linking Appellant to any criminal activity in front of Officer Sutton to warrant an arrest pursuant to Article 14.01(b), V.A.C.C.P.

Most importantly, all factors addressed by the Court of Appeals for a totality of the circumstances argument were directly connected to the driver of the vehicle, who was arrested and released, rather than Appellant. Sutton's testimony that "he could possibly be trying to destroy evidence…so I detained him to prevent further destruction of evidence," was with respect to the driver not Appellant. (2RR-12). The marijuana shake apparently observed by Sutton was on the driver of the vehicle, not Appellant, (2RR-12) and lastly, the cologne smell came from the direction of the driver when Sutton walked up to the vehicle, not Appellant, (2RR-17).

Accordingly, the Court of Appeals opinion extends beyond the interpretation of totality of the circumstances pursuant to this Court's decision in *Amores v. State* and the decisions in *Crisp, Leday* and *Moore* from other Appellate Courts. Thus,

6

review should be granted to consider whether the Court of Appeals opinion is in conflict pursuant to Tex. R. App. P. 66.3(a) and Tex. R. App. P. 66.3(c).

## APPELLANT'S SECOND GROUND FOR REVIEW

**The Court of Appeals erred in holding that Appellant's incriminating statement after he was in custody was voluntarily made rather than the result of a custodial interrogation triggering Appellant's *Miranda* rights.**

## ARGUMENT

The Court of Appeals erroneously held that Appellant's incriminating statement was made voluntarily made after his arrest, such that review is warranted pursuant to Tex. R. App. P. 66.3(c) as the opinion conflicts with applicable decisions of the Court of Appeals and the Supreme Court of the United States.

Because Appellant had not been read his *Miranda* rights, appellant argues that the incriminating statement made by him was inadmissible. See *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966) (holding that, before questioning, person in police custody must be warned that he has right to remain silent, that any statement he makes may be used as evidence against him, and that he has right to presence of retained or appointed attorney). The Court of Appeals opinion addresses this issue pursuant to the seminal Supreme Court case of *Rhode Island v. Innis,* 466 U.S. 291, 100 S. Ct. 1682 (1980) and *Ramirez v. State,* 105

7

S.W.3d 730 (Tex. App.-Austin 2003, no pet.), one of the cases relied on by Appellant as well.

The Supreme Court established that custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of in any significant way." *Miranda,* 384 U.S. at 444; see also *Rhode Island v. Innis*, 446 U.S. 291 at 298. The Supreme Court clearly distinguishes between a voluntary statement and those made in response to interrogation. *Innis*, 446 U.S. at 299-300. "Interrogation," for Miranda purposes, refers both to express questioning and to any words or actions by the police--other than those normally attendant to arrest and custody--that police "should know are reasonably likely to elicit an incriminating response." *Id.* at 301. The likelihood of eliciting a response focuses on the perception of the suspect, not the intent of the police. *Id.* at 301. The Court in *Innis* noted that any practice the police should know is "reasonably likely to evoke an incriminating response from a suspect" constitutes interrogation. *Id.*

This Court has previously addressed this issue and Appellant has also relied on *State v. Ortiz*, 382 S.W.3d 367 (Tex. Crim. App. 2012), where a motion to suppress was granted after Ortiz was found to be in custody for *Miranda* purposes when incriminating statements were elicited. The *Ortiz* opinion is factually and

legally analogous to this case and is completely overlooked by The Court of Appeals. The objective facts in *Ortiz* showed that the following: (1) the officer had expressed his suspicion to the appellee "point blank" that he had drugs in his possession; (2) two additional law enforcement officers had arrived on the scene; (3) Mrs. Ortiz and the appellee had both been patted down and handcuffed; and (4) the officers had manifested their belief to the appellee that he was connected to some sort of (albeit, as-yet undisclosed) illegal or dangerous activity on Mrs. Ortiz's part. *Id* at 373. Based on the factors above and prior to *Ortiz* making an incriminating statement, this Court found that his liberty was compromised to a degree associated with formal arrest and *Miranda* rights were triggered. *Id.* Likewise in *Ramirez,* the Austin Court of Appeals held that appellant was interrogated within the meaning of *Miranda* and should have provided *Miranda* warnings prior to such interrogation. *Ramirez,* 105 S.W.3d 730 at 741.

Like in *Ortiz* and *Ramirez,* the objective facts here show that Appellant was in custody, triggering his *Miranda* rights prior to the incriminating response provided to questioning by Officer Sutton. In fact, by the time Appellant provides the incriminating response the following circumstances had occurred: (1) Both Appellant and driver were handcuffed immediately upon the stop of the vehicle, (2) Officer Sutton had expressed his suspicion to the Appellant "point blank" that either

he or the driver had drugs in their possession or connected to narcotics in some way, (3) an additional law enforcement officer had arrived on the scene, (4) the driver was questioned about marijuana or other drugs in front of Appellant and then placed in the back of a patrol vehicle, and (5) Officer Sutton testified Appellant was not free to leave. (1RR-42).

Most importantly, Officer Sutton could reasonably foresee that his question would elicit an incriminating response when he asked Appellant, "You are not going to BS me like your buddy…You're going to be honest with me about what's going on here," to which Appellant gave the following incriminating response of, "I'm going to be honest with you. I have a sweet in my pocket." (2RR-49).

Accordingly, the Court of Appeals opinion is in conflicts with this Court's opinion in *State v. Ortiz* and the United States Supreme Court's decision in *Miranda v. Arizona.* Thus, review should be granted to consider whether the Court of Appeals opinion is in conflict pursuant to Tex. R. App. P. 66.3(c).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court grant this Petition for Discretionary Review.  Following the grant of review, Appellant prays that the judgment of the Court of Appeals be reversed and the judgment be vacated, a new trial ordered, or the case remanded for further review.

Respectfully submitted,


*/s/Gary Tabakman*
GARY TABAKMAN
TBA No. 24076065
JPMorgan Chase Bank Building
712 Main Street, 31st Floor
Houston, Texas 77002
Telephone:  (713) 228-8500
Facsimile:  (713) 228-0034

Counsel for Appellant,
ALPHONSON MALONE

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules Appellate Procedure, the undersigned counsel of record certifies that the Petition for Discretionary Review contains 2097 words.

*/s/Gary Tabakman*
GARY TABAKMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's Petition For Discretionary Review was served via e-mail delivery through eFile.TXCourts.gov to Lisa McMinn, Assistant District Attorney, Harris County District Attorney's Office, 1201 Franklin, Appellant Division, on the 19th day of October, 2015.

*/s/Gary Tabakman*
GARY TABAKMAN

12

**APPENDIX**

**First Court of Appeals' Opinion of April 23, 2015.**

A-1



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00054-CR

_____

**ALPHONSON DAMON MALONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1899612

### MEMORANDUM OPINION ON REHEARING

Alphonson Damon Malone pled guilty of the offense of possession of marijuana of a quantity between zero and two ounces, and the trial court sentenced him to two days' confinement. Malone moved to suppress both his inculpatory

statement to an officer and the marijuana found on his person. After a hearing, the trial court denied the motion to suppress. On appeal, Malone contends that he made his statement in response to a custodial interrogation that occurred before he received *Miranda* warnings. He further contends that no probable cause existed for his arrest, which occurred before he confessed to possessing marijuana. After a panel of our court issued its opinion in this case, Malone moved for rehearing. The panel denies the motion for rehearing, withdraws its opinion and judgment, and issues this opinion and judgment in its stead. We conclude that the evidence adduced at the motion to suppress hearing supports the trial court's ruling; we therefore affirm.

## Background

In June 2013, Officer T. Sutton of the Humble Police Department received a phone call from Officer N. Ball, who reported that he had observed two customers who smelled like marijuana while he was working an extra job at a Red Lobster Restaurant. As the customers were leaving the restaurant, Ball notified Sutton of his suspicion, and he provided the customers' description and a license plate number. En route, Officer Sutton passed the car matching Officer Ball's description. The driver did not lower his high beam lights as he passed in front of Officer Sutton's car, which is a violation of the Texas Transportation Code Section

547.305.  *See* TEX. TRANSP. CODE ANN. § 547.305 (West 2014).  Officer Sutton stopped the car to investigate.

As Officer Sutton approached the vehicle, he noticed "marijuana shake," or residue, on the driver's left shoulder.  He also smelled cologne.  He asked the driver to exit and then detained the driver with handcuffs.  Sutton also asked the passenger, Malone, to exit the vehicle and handcuffed him.

After about one minute, another officer arrived.  Officer Sutton directed him to detain the driver in the back of his police car.  Sutton asked the driver whether he had marijuana on his person or in his car; the driver responded that he did not.  After about 10 minutes Sutton approached Malone, stating: "You're not going to BS me like your buddy . . . You're going to be honest with me about what's going on here."  Malone responded: "I'm going to be honest with you.  I have a sweet in my pocket."  Officer Sutton knew through his training and experience that Malone was describing a sweet containing marijuana.  Sutton reached into Malone's pocket and retrieved a sweet containing over one gram of marijuana.  Both Malone and the driver were compliant with Sutton's requests, both at the time of the traffic stop and during the detention.

*Course of Proceedings*

Malone moved to suppress the marijuana found in his pocket and the statement he made after being apprehended.  After a hearing, the trial court denied

3

Malone's motion to suppress. In its findings, the trial court determined that Officer Sutton was a credible witness. In its conclusions of law, the trial court ruled that Malone was under arrest when Officer approached him, but that Malone's response was not the product of a custodial interrogation.

## Discussion

**Statement Made in the Absence of *Miranda* Warnings**

*Standard of Review*

An appellate court conducts a bifurcated review to a trial court's findings regarding a motion to suppress, deferring to the trial judge's rulings on questions of historical fact. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). We similarly defer to the trial court's determinations of mixed questions of law and fact that turn on demeanor and credibility. *State v. Saenz*, 411 S.W.3d 488, 494 (Tex. Crim. App. 2013) (citing *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012)). In contrast, we review *de novo* mixed questions of law and fact that do not turn on demeanor and credibility. *Id.* Particular to the facts presented here, "[t]he decision as to whether custodial questioning constitutes 'interrogation' under *Miranda* is a mixed question of law and fact, and we defer to the trial court's fact findings that turn on an evaluation of credibility and demeanor." *Alford*, 358 S.W.3d at 653 (citing *Ripkowski v. State*, 61 S.W.3d 378, 381–82 (Tex. Crim. App. 2001)).

4

*Analysis*

Malone first contends that the trial court abused its discretion when it denied the motion to suppress his statement because Officer Sutton had not warned Malone of his *Miranda* rights. Both *Miranda v. Arizona* and state law prohibit the State from introducing a defendant's statements made during a custodial interrogation, unless the State demonstrates that, before making the statement, the police had informed the defendant of certain constitutional rights. 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2, 3 (West 2014). The Supreme Court has defined a "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S. Ct. at 1612.

But if a defendant volunteers a statement, then it is not subject to suppression for lack of *Miranda* warnings. *Warren v. State*, 377 S.W.3d 9, 17 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The Fifth Amendment does not bar "[v]olunteered statements of any kind." *Miranda,* 384 U.S. at 478, 86 S. Ct. at 1630. Article 38.22 similarly does not preclude the admission of statements made by the defendant that do not stem from an interrogation. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5 (West 2014) ("Nothing in this article precludes the admission

5

of . . . a voluntary statement . . . whether or not the result of custodial interrogation . . . .").

Because Malone was detained and handcuffed during the investigation without any other circumstances warranting a restriction on Malone's movement, the record supports the trial court's determination that Malone was in custody. Thus, this case turns on whether Officer Sutton's statement to Malone rose to the level of an interrogation, or whether Malone's statement was made voluntarily.

To be an interrogation, a statement or question must demonstrate "a measure of compulsion above and beyond that inherent in custody itself." *Rhode Island v. Innis*, 446 U.S. 291, 300, 100 S. Ct. 1682, 1689 (1980). An interrogation includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301.

In *Innis*, the Supreme Court held that police officers had not interrogated a suspect when officers had a conversation in the range of the suspect's hearing but did not ask the suspect a question. *Id.* at 294–95, 302. In that case, officers discussed a missing shotgun while transporting the defendant, noting a concern that children were present in the area and could discover the weapon. *Id.* at 294–95. The suspect interrupted the officers' conversation with a statement. *Id.* at 295. After receiving *Miranda* warnings, he led them to the hidden weapon. *Id.* The

6

Supreme Court found that the officers' conversation was not an interrogation. *Id.* at 302.

In contrast, the Texas Court of Criminal Appeals in *Janecka* found that a police detective's response to a suspect's question constituted interrogation or its equivalent. *Janecka v. State*, 739 S.W.2d 813, 829 (Tex. Crim. App. 1987) (per curiam). There, the detective informed the suspect of the damaging evidence against him, and then told the suspect that he should "tell the truth." *Id.* at 826, 829. Similarly, in *Ramirez*, the Austin Court of Appeals found that an officer's statements to a suspect were the functional equivalent of interrogation, where the officer informed the suspect that marijuana paraphernalia and residue were present in the suspect's garage, and then asked whether more could be found. *Ramirez v. State*, 105 S.W.3d 730, 740–41 (Tex. App.—Austin 2003, no pet). The court of appeals held that the officer should have known that his questioning would encourage an incriminating response. *Id.* at 741 (citing *Innis*, 446 U.S. at 301, 100 S. Ct. 1682). Malone relies on the latter cases to contend that Sutton should have known that his words or actions were reasonably likely to elicit an incriminating response.

We hold that the record supports the trial court's finding that the statement was not reasonably likely to move Malone to make a self-incriminating statement. Officer Sutton's statement was not a "lengthy harangue," and the record does not

suggest that Sutton was aware of any particular susceptibility that Malone had to the officer's appeal to his conscience. *See Innis*, 446 U.S. at 302–03, 100 S. Ct. at 1690–91. In its findings of fact, the trial court described Malone's statement as "spontaneously" made. Officer Sutton had not informed Malone of any damaging evidence against him, nor had he asked Malone any questions. *See Janecka*, 739 S.W.2d at 826; *Ramirez*, 105 S.W.3d at 741.

Officer Sutton testified that his statement to Malone was not threatening. The trial judge found that Officer Sutton was a credible witness, and we defer to the trial court's findings that turn on credibility. *Alford*, 358 S.W.3d at 652–53. We hold that the record supports a determination that Malone's statement was voluntarily made and not the result of a police interrogation. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5; *Innis*, 446 U.S. at 300, 100 S. Ct. at 1689 ("[T]he special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation.").

**Probable Cause**

Next, Malone argues that there was no probable cause to arrest him. The Fourth Amendment prohibits unreasonable searches and seizures by government officials. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). An officer may arrest a suspect without a warrant if he has a reasonable belief that the

8

individual has committed an offense. TEX. CODE CRIM. PROC. ANN. art. 14.01 (West 2013); *Torres v. State*, 182 S.W.3d 899, 901–02 (Tex. Crim. App. 2005). The test for probable cause is whether "at that moment [of the arrest] the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006) (quoting *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)). We consider the totality of the circumstances in determining whether probable cause existed for a warrantless arrest. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "It is well established that an officer who does not himself possess probable cause for making a warrantless arrest may act upon the basis of information relayed to him by another officer requesting that an arrest be made." *Pyles v. State*, 755 S.W.2d 98, 109 (Tex. Crim. App. 1988) (quoting *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim. App. [Panel Op.] 1978)). When members of the same law enforcement agency have cooperated, the sum of information known to cooperating officers at the time of an arrest should be considered in determining whether there was probable cause. *Id.* (citing *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982)). The "odor of an illegal substance" may be a factor that police officers use in determining whether there is probable cause that an offense has

been or is being committed." *Estrada v. State*, 154 S.W.3d 604, 606, 609 (Tex. Crim. App. 2005) (holding that smell of marijuana on appellant, who was standing in her driveway, was factor weighing in favor of officer's belief that crime had been or was being committed).

Probable cause to search exists where known facts and circumstances are sufficient to warrant a person of reasonable prudence that evidence of a crime will be found. *Wiede*, 214 S.W.3d at 24; *Estrada*, 154 S.W.3d at 609. "Known facts and circumstances include those personally known to law enforcement officers or those derived from a 'reasonably trustworthy' source." *Wiede*, 214 S.W.3d at 24. An officer may conduct a search without a warrant when an individual admits to possessing contraband. *See Sandoval v. State*, 860 S.W.2d 255, 259–60 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("[T]he officer's search of appellant's truck and seizure of the evidence inside was justified, following their detection of the marijuana odor, and appellant's admission that the truck contained marijuana."); *Nuttall v. State*, 87 S.W.3d 219, 223 (Tex. App.—Amarillo 2002, no pet.) (holding that officer had probable cause to search defendant's pocket when defendant admitted he had drugs on his person).

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

10

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2014).

Malone contends that Officer Sutton did not have probable cause to arrest him before he made the statement admitting that he possessed marijuana. The sum of the information known to Officer Sutton and Officer Ball at the time Sutton handcuffed Malone, however, includes that (1) Officer Ball had smelled marijuana on Malone and the driver an hour before the traffic stop when both men were eating at Red Lobster; (2) the license plate number of the men seen at the restaurant matched that of the car Officer Sutton stopped; (3) the driver of the car had marijuana shake on his shoulder; and (4) the car smelled of cologne when Officer Sutton made the traffic stop. *See Pyles*, 755 S.W.2d at 109. Officer Sutton testified at the hearing that he believed that the driver and Malone may have been attempting to destroy evidence, due to the marijuana shake and cologne smell, and the trial court found that Officer Sutton was a credible witness. *See Alford*, 358 S.W.3d at 652. In light of the totality of the circumstances, we hold that Officer Sutton had probable cause to arrest Malone. *See Amador*, 275 S.W.3d at 878; *Parker*, 206 S.W.3d at 596; *Estrada*, 154 S.W.3d at 606, 609.

Malone further contends that Officer Sutton did not have probable cause to search him. We have determined that the record supports the trial court's finding that Malone's self-incriminating statement was voluntary and not a product of a custodial interrogation. Because Malone voluntarily stated that he had a sweet in

11

his pocket, Officer Sutton had probable cause to search Malone. *See Wiede*, 214 S.W.3d at 24; *Nuttall*, 87 S.W.3d at 223; *Sandoval*, 860 S.W.2d at 259–60. We hold that the marijuana found on his person was not obtained in violation of the United States or Texas Constitutions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

## Conclusion

We hold that the trial court acted within its discretion in denying Malone's motion to suppress his statement to Officer Sutton and the marijuana found on his person. We therefore affirm the judgment of the trial court. The motion for rehearing is denied.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. *See* TEX. R. APP. P. 47.2(b).